# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 11-646V
Filed: March 6, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| CHRISTINA MICHALSKI, * | |
| * | |
| Petitioner, * | |
| v. * | Stipulation; Attorney Fees and Costs |
| * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

Elizabeth M. Muldowney, Esq., Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
Linda S. Renzi, Esq., U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

      In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision on October 1, 2013, awarding compensation based on the parties' joint stipulation. On or about February 17, 2014, petitioner sent an informal final application for attorneys' fees and costs to respondent. In informal discussions, respondent raised objections to certain items in petitioner's application. On March 5, 2014, petitioner filed a stipulation for attorney fees and costs, requesting a total of $38,380.94 and indicating that respondent does not object to her request.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate.

**Accordingly, I hereby award the total $38,380.94[3] as follows:**

- **A lump sum of $37,250.00 in the form of a check payable jointly to petitioner, Christina Michalski, and petitioner's counsel of record, Elizabeth M. Muldowney, for petitioner's attorney fees and costs, and**

- **A lump sum of $1,130.94 in the form of a check payable to petitioner, Christina Michalski, for her personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                    **s/ Denise K. Vowell**
                                                   **Denise K. Vowell**
                                                   Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).